**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:04CV23
(1:01CR52)**

| | | |
|---|---|---|
| **JOHNNIE WILSON DALE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, along with his amendment thereto filed August 4, 2004, his requests for an evidentiary hearing and appointment of counsel.  No response is necessary from the Government.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law,

2

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  28 U.S.C. § 2255.  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United
States District Courts.**  The Court, having conducted a thorough review of

the record of the criminal proceedings, the Petitioner's § 2255 motion and

amendment thereto, determines that an evidentiary hearing is not required,

the Petitioner is not entitled to appointed counsel for this proceeding, and

enters summary dismissal for the reasons stated herein.


## II. PROCEDURAL HISTORY

On August 6, 2001, the Petitioner and 13 co-Defendants were

charged with conspiracy to possess with intent to distribute a quantity of

cocaine and methamphetamine in violation of 21 U.S.C. §§ 846 and

841(a)(1).  **Bill of Indictment, filed August 6, 2001.**  The Government

also filed an Information pursuant to 21 U.S.C. § 841(b) contending the

3

amounts of cocaine and methamphetamine involved in the conspiracy. **Information pursuant to 21 U.S.C. 841(b), filed August 6, 2001.**

On October 31, 2001, the Petitioner entered into a plea agreement with the Government wherein he agreed to voluntarily plead guilty to Count One of the indictment and admitted "to being in fact guilty as charged" in the indictment. **Plea Agreement, filed October 31, 2001, at 1.** He was advised that the statutory maximum sentence for the offense was "not less than 10 years not more than life imprisonment." *Id*. He was also advised that the final sentence imposed would be determined by the Court and any estimate of the length of imprisonment to be imposed was not binding upon the Court. *Id*. The parties agreed that the amount of cocaine reasonably foreseeable to the Petitioner was at least 5 kilograms but less than 15 kilograms; that his gross offense level would be at least 16; that a two-level reduction and a possibility of a three-level reduction would be recommended provided the Petitioner acknowledged all relevant criminal conduct and timely provided such information to the Government; that the Petitioner's criminal history could affect the ultimate Guideline determination; and that the Court would make the final decision regarding the Guideline calculations. *Id.,* **at 2.** The Petitioner waived all rights

4

associated with a jury trial as well as his right to contest his conviction or sentence in any direct appeal or other post-conviction proceeding, such as a § 2255 motion, except on the grounds of prosecutorial misconduct or ineffective assistance of counsel. *Id., at 4-5.* He further agreed that the Government, in its sole discretion, would determine whether any assistance he provided would be deemed substantial assistance and would qualify for a motion for downward departure. *Id., at 7.* The Petitioner and his attorney signed the agreement on October 31, 2001.

On November 1, 2001, the Petitioner and his attorney appeared before the Magistrate Judge for a Rule 11 hearing for entry of his plea. The Petitioner was placed under oath and responded as follows: that he was not under the influence of any medications, liquors or drugs; that he knew and understood what he was doing; that he understood the elements of the offense with which he was charged and to which he was pleading guilty and the fact that the maximum punishment could be life imprisonment; that he would be sentenced pursuant to the Guidelines; that he waived his rights to a jury trial and to appeal his sentence and conviction either on direct appeal or a post-conviction proceeding except on the grounds of prosecutorial misconduct or ineffective assistance of

5

counsel; that he had discussed the Guidelines with his attorney and understood how they might be applied in his case; that he understood and agreed with the terms of the plea agreement including the limitations on his right to file a post-conviction proceeding; and he wanted the Court to accept his guilty plea. *See generally,* **Rule 11 Inquiry and Order of Acceptance of Plea, filed November 1, 2001.** The Petitioner and his attorney reviewed the Petitioner's answers to the questions on the Rule 11 form as recorded by the Magistrate Judge and then signed the Rule 11 form certifying that the answers to the "questions propounded by the court, as recorded above and on the record, are true and accurate to the best of their knowledge." *Id.,* **at 8.** The Magistrate Judge then found that the Petitioner's plea was knowingly and voluntarily entered and accepted the plea. *Id.,* **at 9.** On May 29, 2002, the undersigned sentenced the Petitioner to a term of 120 months imprisonment and the Petitioner filed a timely notice of appeal the same date. **Judgment in a Criminal Case, filed June 10, 2002; Petitioner's Notice of Appeal, filed May 29, 2002.**

The Fourth Circuit affirmed the Petitioner's conviction and sentence. *United States v. Dale,* **84 Fed. Appx. 315 (4th Cir. 2004).** That Court also refused to consider the Petitioner's claim of ineffective assistance of

6

counsel referring him instead to the possible remedy of a claim pursuant to

§ 2255. The Court also addressed the Petitioner's claim of prosecutorial

misconduct.

> Next, Dale claims that the Government engaged in
> prosecutorial misconduct because it failed to make a motion for
> a downward departure for substantial assistance under U.S.
> Sentencing Guidelines Manual § 5K1.1 (2001). We find nothing
> improper regarding the Government's failure to make the
> motion. The Government did not promise to make such a
> motion in its plea agreement with Dale, and there is no
> evidence that it refused to make the motion for an improper
> motive.

*Id.*, at 316 (citing *United States v. Snow*, 234 F.3d 187, 190 (4th Cir.

2000) and *Wade v. United States*, 504 U.S. 181, 185-86 (1992)).


## III. DISCUSSION

In his first two grounds for relief, the Petitioner complains that the

Government is guilty of prosecutorial misconduct for failing to stand by its

promises relative to his guilty plea and for failing to file a motion for

downward departure prior to his sentencing. The issue of prosecutorial

misconduct was raised and decided on direct appeal. *Id*. Because the

Fourth Circuit has considered and decided this issue, the Petitioner may

not again expand or relitigate the issue through this proceeding. Any

7

meritorious grounds for relief as a result of prosecutorial misconduct would have existed and been known at the time of the direct appeal and should have been brought forward at that time for direct review. *See, United States v. Green*, 61 Fed. Appx. 31 (4th Cir. 2003).

The Petitioner next contends that the undersigned improperly assessed two criminal history points to his Guidelines calculations. However, the Guidelines provide as follows:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

**U.S.S.G. § 4A1.1(d).** According to the Petitioner's presentence report, the Petitioner was on unsupervised probation for a worthless check conviction at the time the offense herein was committed. **Appendix Exhibit E, Presentence Report, dated March 1, 2002,** *attached to* **Petitioner's Motion, at 11.** Petitioner's counsel specifically objected to that part of the presentence report, the objection was overruled by the Court at sentencing, and the report and assessment was adopted as correct by the Court. *See,* **Transcript of Sentencing Proceedings, filed December 10, 2002, at 2-4.** The enhancement results from and is a part of the sentence entered in a prior conviction. It is not, therefore, a proscribed judicial

8

finding of fact. *Apprendi v. New Jersey*, **530 U.S. 466 (2000)**. This issue, therefore, fails for lack of merit.

Petitioner next contends that he is entitled to a two-level decrease pursuant to U.S.S.G. § 5C1.2, the "safety valve" provision. This section of the Guidelines provides for an exception to the applicability of statutory minimum sentences if the defendant "meets the criteria in 18 U.S.C. § 3553(f)(1)[ ] . . . [that he] *does not have more than 1 criminal history point*, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." **U.S.S.G. § 5C1.2(a)(1) (emphasis added).** The presentence report reflects that the Petitioner was assessed a total of 3 criminal history points, establishing a criminal history category of II. **Presentence Report**, *supra*. Thus, the Petitioner fails to meet the first requirement of the five listed requirements for "safety valve" relief. This contention as well fails for lack of merit.

Finally, the Petitioner alleges that he was deprived of his right to effective assistance of counsel "at trial, sentencing and direct appeal." It is first noted that the Petitioner chose not to proceed to trial, he entered into a written plea agreement with the Government, and signed the Rule 11

9

inquiry wherein he acknowledged that he understood the charges against him, the maximum penalties therefor, the proceedings being had, how the Guidelines would affect the punishment in his case, and expressed his satisfaction with the services of his attorney. **Transcript of Rule 11 Proceedings, filed December 10, 2002, at 22, 29-33.**

The Petitioner states that the Assistant United States Attorney who represented the Government at the sentencing hearing was not the same as the Assistant United States Attorney who signed the plea agreement. However, Assistant United States Attorney Jerry Miller, who attended the sentencing hearing, made no effort to present any argument of aggravating factors not listed in the presentence report and Petitioner's counsel made no motion to the continue the sentencing for this reason. **Sentencing Transcript,** *supra,* **at 7.** Even if such a motion had been made, it would have been denied. The Petitioner acknowledged that he understood the minimum and maximum penalties he faced in both the plea agreement and at the Rule 11 hearing. The sentence imposed in this case would not have been any different had the same Assistant United States Attorney who signed the plea agreement been present at the sentencing hearing.

10

Petitioner also contends that he understood the Government would make a motion for downward departure at sentencing based on his substantial assistance.  It is clear that the Petitioner and his attorney expected the Government to file a motion for downward departure or to recommended to the Court a departure below the statutory minimum.  **See Appendix Exhibit I, Letter dated July 8, 2002, from Petitioner's counsel to Assistant United States Attorney Jill Rose, *attached to* Petitioner's motion; *see also*, Appendix Exhibits J-L.**  However, his written plea agreement specifically states that the Government "in its *sole* discretion" will determine whether or not such a motion is appropriate. **Plea Agreement, at 7 (emphasis added).**  It also provides that "any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." ***Id.*, at 1.** It is apparent that the Government, "in its *sole* discretion," has chosen not to file any motions in this case. ***See e.g., United States v. Trivette*, 159 Fed. Appx. 498, 500 (4th Cir. 2005) ("The government did not promise to make such a motion, and there is no evidence that it refused to**

11

make the motion based upon an improper motive[,]" (citing *Wade v. United States, supra*)).

The Petitioner has repeatedly sought relief on the grounds which are covered by his sworn statements to the contrary set forth in the plea agreement, the written Rule 11 inquiry, and his responses made under oath at the Rule 11 hearing before the Magistrate Judge. A petitioner may not, absent circumstances not present in this case, agree to one thing during the Rule 11 inquiry and in a plea agreement, and then deny the same in a subsequent § 2255 proceeding. *See, United States v. Lemaster,* 403 F.3d 216, 221-22 (4ᵗʰ Cir. 2005) (holding that in the absence of extraordinary circumstances, which do not appear here, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (quotations and citations omitted)); *United States v. General,* 278 F.3d 389 (4ᵗʰ Cir. 2002); *United States v. Brown,* 232 F.3d 399 (4ᵗʰ Cir. 2000); *United States v. Hoyle,* 33 F.3d 415, 418

12

(4**th** Cir. 1994).  The undersigned, therefore, concludes that it should and

does rely on the Petitioner's statements, written and oral, made in this

case, and that the same were knowing and voluntary.

In considering the Petitioner's claims of ineffective assistance of

counsel,

> [f]irst, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel made errors
> so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Unless a defendant

makes both showings, his claim of ineffective assistance of counsel must

fail.  *Id.*  Thus, a defendant must show that counsel's performance fell

below objective standards of reasonableness, and, that but for counsel's

conduct, there was a reasonable probability the result would have been

different.  *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v.

Attorney Gen.*, 956 F.2d 1290 (4**th** Cir. 1992) (In order to obtain relief

from a guilty plea on the basis of ineffective assistance of counsel, a

defendant must show both that counsel was incompetent and but for

that incompetence, he would not have plead guilty).  If the defendant

13

fails to make the first showing, there is no need to consider the second. *Strickland, supra*.

In addition to the numerous complaints of receiving ineffective assistance from his trial counsel, which have been addressed *supra*, Petitioner also contends that his appellate counsel was likewise ineffective. He offers no supportive argument, documentation or record. He does provide two letters from his appellate counsel which show that his appeal was filed with the Fourth Circuit and was briefed and prepared for argument. **See, Appendix Exhibits M and N, *attached to* Petitioner's motion.** Appellate counsel also furnished the Petitioner with a copy of the appeal brief and advised that he might wish to file an additional brief if he felt a need to do so. **Appendix Exhibit M, *supra*; *see also*, United States v. Dale, supra.** Because the Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," as to either trial counsel or appellate counsel, the second prong of *Strickland* need not be reached.

14

By Order filed August 11, 2004, the Petitioner was allowed to amend his § 2255 petition to assert an argument under *Blakely v. Washington State*, 542 U.S. 296 (2004).

In *Blakely,* the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range.  However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided.  **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.), cert. denied, 126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Fowler, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither Booker nor Blakely announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).**

15

To the extent that the Petitioner asserts a claim pursuant to *United States v. Booker,* 543 U.S. 220 (2005), that claim is rejected as well.  In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts.  The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive.  **United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *Fowler, supra*; United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that**

16

became final before its release on January 12, 2005."); *Green, supra*;

*In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).  The Court,

therefore, concludes that the Petitioner has failed to show entitlement to

relief under *Blakely* or its progeny.


## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions for an

evidentiary hearing and for appointment of counsel are hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; a

Judgment dismissing this action is filed herewith.


Signed: April 28, 2006


Lacy H. Thornburg
United States District Judge